UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JENNIFER TOMCZAK,

           Plaintiff,

           v.

RAYMOUR AND FLANIGAN FURNITURE
COMPANY, and RAYMOUR AND
FLANIGAN FURNITURE , INC.,

           Defendants.

**DECISION AND ORDER**
13-CV-0709-A

On August 28, 2013, pretrial proceedings in this action alleging illegal consumer credit fees were stayed pending arbitration. An arbitration award in favor of defendants Raymour and Flanigan Furniture Company and Raymour and Flanigan Furniture, Inc., was granted on February 20, 2014.

The arbitration award ruled that a claim of plaintiff Jennifer Tomczak under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, is time barred, and that her remaining claims under New York law fail to allege viable claims as a matter of law. *Id.* The award also ruled plaintiff Tomczak would not be able to correct the defects in the state-law claims by revising the claims.

Plaintiff Tomczak has filed no motion to vacate, modify or correct the arbitration award. Pursuant to section 12 of the Federal Arbitration Act, 12 U.S.C. § 12, the time for plaintiff to file and to serve such a motion lapsed 90 days after the award was filed or delivered on or about February 20, 2014.

On June 17, 2014, the Raymour and Flanigan defendants moved pursuant to section 9 the Federal Arbitration Act, 9 U.S.C. § 9, for summary confirmation of the February 20, 2014 arbitration award. Dkt. No. 23. No response to defendants' motion to confirm the award has been filed by plaintiff Tomczak. Argument of defendants' motion to confirm was scheduled for July 9, 2014, but was adjourned by the Court on July 7, 2014, and the motion was deemed submitted, when plaintiff did not seek to file a response.

**Authority for a Summary Confirmation Proceeding.** As a preliminary matter, although it has been neither raised nor addressed by the Raymour and Flanigan defendants, the Court must consider its authority to act upon the arbitral award by summary proceeding. "Arbitration awards are not self-enforcing." *Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 63 (2d Cir. 2003), *overruled on other grounds by Hall St. Assocs. L.L.C. v. Mattell, Inc.*, 552 U.S. 576 (2008). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

However, summary confirmation of an arbitration award pursuant to Section 9 of the Federal Arbitration Act is available "*only* where the parties in their agreement have agreed that a judgment of the court shall be entered upon the award." *Varley v. Tarrytown Associates, Inc.*, 477 F.2d 208, 210 (2d Cir. 1973) (emphasis added); *see Idea Nuova, Inc. v. GM Licensing Grp., Inc.*, 617 F.3d 177, 180 (2d Cir. 2010).

Section 9 of the Act provides, in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. In this case, the parties conducted the arbitration pursuant to a prior written arbitration agreement that did not expressly provide that a judgment would be entered in a specified court upon the arbitration award. Dkt. No. 23-5, pp. 28-33.

Nevertheless, even where parties arbitrate pursuant to an arbitration agreement that does not have an express entry-of-judgment clause, the Second Circuit has ruled that a sufficient basis for summary confirmation of an award under Section 9 of the Act may be found where: (1) an arbitration clause provides that an arbitral award "shall be final;" and, (2) the parties have participated fully in the arbitration. *I/S Stavborg v. Nat'l Metal Converters, Inc.*, 500 F.2d 424, 425-27 (2d Cir. 1974); *see also Kallen v. District 1199, Nat'l Union of Hosp. and Health Care Employees*, 574 F.2d 723, 724-26 (2d Cir. 1978). In this case, although the parties conducted the arbitration pursuant to an agreement that did not contain an express entry-of-judgment clause, the agreement did provide the arbitration is "BINDING ARBITRATION." Dkt. No. 23-5, p. 33; *see* Dkt. No. 23-5, p. 4 ("final and binding arbitration"); pp. 5, 15, (¶ 15). The agreement also states:

> YOU UNDERSTAND THAT YOU ARE VOLUNTARILY
> WAIVING YOUR RIGHT TO A JURY TRIAL OR A JUDGE

      TRIAL FOR SUCH DISPUTE.

*Id.* at p. 33.

      While it is not apparent from the Raymour and Flanigan defendants' motion for summary confirmation of the arbitration award whether the parties' arbitration agreement incorporated arbitration rules providing for entry of judgment confirming the arbitral award, docket minutes and a Text Order entered by Magistrate Judge Jeremiah J. McCarthy, who was authorized to conduct pretrial proceedings under 28 U.S.C. § 636(b), establish that the parties' agreement to arbitrate, when they stated it to the Magistrate Judge on August 27, 2013, ratified their prior written arbitration agreement, confirmed the parties' agreement to resolve the claims raised in this action by arbitration, and indicated that a motion to confirm or vacate the award would lie after arbitration.  Dkt. Nos. 21, 22.  Plaintiff Tomczak's failure timely to challenge the arbitral award, and her failure to respond to defendants' June 17, 2014 motion for summary confirmation of the arbitral award, also tends to confirm that the parties' agreed to final resolution of the claims arising in this action by arbitration.

      Finally, it is apparent from the record before the Court that plaintiff Tomczak fully participated in the arbitration proceedings.  Dkt. No. 23-1.  The award shows that all parties' claims and arguments were thoroughly argued.  *Id*.  In light of all of these circumstances, the Court finds the entry-of-judgment requirement of section 9 of the Federal Arbitration Act, as interpreted by the Second Circuit, has been met, and the Court therefore has authority to proceed by summary proceeding.  *See Idea*

*Nuova, Inc. v. GM Licensing Grp., Inc.*, 617 F.3d 177, 180 (2d Cir. 2010).

There may be an unresolved question whether the express entry-of-judgment requirement of section 9 of the Federal Arbitration Act authorizing a summary proceeding is also necessary predicate for an exercise of federal subject matter jurisdiction.  *Compare Varley v. Tarrytown Associates*, 477 F.2d 208 (2d Cir. 1973) *and Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir. 1985), *with I/S Stavborg v. National Metal Converters, Inc.*, 500 F.2d 424 (2d Cir. 1974) *and Kallen v. District 1199, National Union of Hospital & Health*, 574 F.2d 723, 725 (2d Cir. 1978).  However, because the Truth in Lending Act claim alleged by plaintiff Tomczak raises an independent federal question under 28 U.S.C. § 1331 sufficient to invoke the Court's subject matter jurisdiction, and because of the parties' particular agreements and conduct in this case, the Court concludes pursuant to Second Circuit law that it has authority for this summary confirmation proceeding.

**The Award.**  As mentioned above, section 9 of the Federal Arbitration Act provides that where a party properly moves for summary confirmation of an arbitration award, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed"  in the remainder of the Act.  9 U.S.C. § 9.  The Act then provides that a court may change or vacate an arbitration award *only* where  "the award was procured by corruption, fraud, or undue means"; where "there was evident partiality or corruption in the arbitrators"; where the  "arbitrators were guilty of misconduct in refusing to postpone the hearing"; where the "arbitrators exceeded their powers"; where there was "evident material

miscalculation of figures"; or where "the arbitrators have awarded upon a matter not submitted to them." *Id.* §§ 10-11.  The Court's review of the arbitration award is therefore "severely limited."  *Willemijn Houdstermaatschappij, BV v. Standards Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997).

The Court has carefully reviewed the February 20, 2014 arbitration award.  Dkt. No. 23-1.  The Court finds no basis for vacating, modifying, or correcting the award.  9 U.S.C. §§ 10-11.  Accordingly, it is hereby

**ORDERED**, the stay of this action pending arbitration entered by Magistrate Judge McCarthy, Dkt. No. 22, is lifted, and it is further

**ORDERED**, pursuant to section 9 of the Federal Arbitration Act, the motion of defendants Raymour and Flanigan Furniture Company and Raymour and Flanigan Furniture, Inc., to confirm the February 20, 2014 arbitration award, Dkt. No. 23, is granted.  The claim of plaintiff Jennifer Tomczak under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, raised in the Complaint is time barred, plaintiff's New York state-law claims in the Complaint fail to allege viable claims as a matter of law, and re-pleading those claims would be futile.  The Clerk of the Court shall enter judgment dismissing the Complaint, Dkt. No. 2, with prejudice, and close the case.

**IT IS SO ORDERED.**

                                                  ____*Richard J. Arcara*_____
                                                HONORABLE RICHARD J. ARCARA
                                                UNITED STATES DISTRICT COURT

Dated:  July 9, 2014